LEE LITIGATION GROUP, PLLC
C.K. Lee, Esq. (CL 4086)
Anne Seelig, Esq. (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs*
*and the Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JOSE CRUZ DURAN,
*on behalf of himself, FLSA Collective Plaintiffs*
*and the Class*,

      Plaintiff,

      v.

CORAL CAST, LLC and
JOSEPH MARDEN,

      Defendants.

---

Case No.:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

Jury Trial Demanded

Plaintiff, JOSE CRUZ DURAN("Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorneys, hereby files this Class and Collective Action Complaint against Defendants, CORAL CAST, LLC ("Corporate Defendant") and JOSEPH MARDEN ("Individual Defendant," and together with Corporate Defendant, "Defendants"), and states as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that he and others similarly situated are entitled to recover from

Defendants: (1) unpaid wages including overtime compensation, (2) liquidated damages and (3) attorneys' fees and costs.

2.      Plaintiff further alleges, pursuant to the New York Labor Law ("NYLL"), that he and others similarly situated are entitled to recover from Defendants: (1) unpaid wages including overtime compensation, (2) liquidated damages, (3) statutory penalties and (4) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391.

## PARTIES

5.      Plaintiff JOSE CRUZ DURAN is a resident of Queens County, New York.

6.      Defendants own and operate a business based in Nassau County, New York under the trade name "Coral Cast" which manufactures and distributes precast concrete products for home constructions (hereinafter, "Coral Cast").

7.      Corporate Defendant CORAL CAST, LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business and an address for service of process located at 31 Commercial Court, Plainview, NY 11803. Defendants operate Coral Cast through CORAL CAST, LLC.

8.      (i) Individual Defendant JOSEPH MARDEN is a principal and president of Corporate Defendant and has operational control of Coral Cast. Individual Defendant exercises the power to (and also delegate to managers and supervisors the power to) (i) fire and hire

2

employees, (ii) supervise and control employee work schedules, (iii) determine the rate and method of pay, (iv) maintain employment records, and (v) otherwise affect the quality, terms and conditions of employment for Plaintiff, FLSA Collective Plaintiffs and Class Members at Coral Cast. Individual Defendant has authority over all employee-related decisions, including payroll, personnel, and wage and hour policies concerning Plaintiff, FLSA Collective Plaintiffs and Class Members.

(ii) Individual Defendant JOSEPH MARDEN additionally exercises the authority to fire and hire, supervise and control work schedules, determine rate and method of pay, maintain employment records, and otherwise affect the terms and conditions of employment for managerial employees who directly supervise Plaintiff, FLSA Collective Plaintiffs and Class Members at Coral Cast. Individual Defendant ensures that managers implement Defendants' employment policies and pay practices and directs employees to effectively complete their job duties so that Coral Cast are operating efficiently and profitably.

9.      At all relevant times, Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA and NYLL and the regulations thereunder.

10.     At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class Members was directly essential to the business operated by Defendants.

## FLSA COLLECTIVE ACTION ALLEGATIONS

11.     Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees (including but not limited to porters, drivers, construction laborers, installers, helpers and machine operators) employed by

Defendants at Coral Cast on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

12.     At all relevant times, Plaintiff and FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them proper overtime wages at the rate of one-and-one-half times the regular rate of pay. The claims of Plaintiff stated herein are essentially the same as those of FLSA Collective Plaintiffs.

13.     The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## <u>RULE 23 CLASS ALLEGATIONS – NEW YORK</u>

14.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt employees (including but not limited to porters, drivers, construction laborers, installers, helpers and machine operators) employed by Defendants at Coral Cast on or after the date that is six (6) years before the filing of the Complaint in this case as defined herein (the "Class" or "Class Members").

15.     The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class Member are also determinable from

Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

16.     The proposed Class is so numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

17.     Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All Class Members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay them the proper overtime wages at the rate of one-and-one-half times the regular rate of pay, (ii) failing to provide proper wage statements per requirements of the New York Labor Law, and (iii) failing to provide proper wage and hour notices per requirements of the New York Labor Law. Defendants' corporate-wide policies and practices affected all Class Members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

18.     Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

19.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

20.    Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their

employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

21.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class Members within the meaning of the NYLL;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay Plaintiff and the Class Members properly;

c)  At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay Plaintiff and the Class Members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class Members of their regular hourly rate and overtime rate;

e)  Whether Defendants paid Plaintiff and the Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for all hours worked in excess of forty (40) each workweek;

f)  Whether Defendants provided proper wage statements informing the Plaintiff and the Class Members of their proper overtime rate of compensation and other information required to be provided on wage statements, as required under the New York Labor Law;

g)  Whether Defendants provided proper wage and hour notices to Plaintiff and

the Class Members at date of hiring, as required under the New York Labor Law; and

h) Whether Defendants provided to Plaintiff and the Class members proper wage statements with each payment of wages, as required under the New York Labor Law.

### STATEMENT OF FACTS

22. From in or about June 2014until in or about March 2020, Plaintiff JOSE CRUZ DURAN was employed to work as a construction laborer for Defendants' "Coral Cast" construction business located at 31 Commercial Court, Plainview, NY 11803.

23. Throughout his employment with Defendants, Plaintiff JOSE CRUZ DURAN regularly worked eight (8) hours per day, from 7:00 a.m. to 3:30 p.m. with a thirty (30) minutes lunch break, for six (6) days per week, for a total of forty-eight (48) hours per week.

24. From the beginning of his employment until in or about December 2018, Plaintiff JOSE CRUZ DURAN was paid at a straight-time hourly rate of $11.00 for all hours worked, including hours worked in excess of forty (40) per week. From in or about January 2019 until the end of his employment with Defendants, Plaintiff JOSE CRUZ DURAN was paid at a straight-time hourly rate of $18.00 for all hours worked, including hours worked in excess of forty (40) per week.

25. Throughout his employment with Defendants, Plaintiff JOSE CRUZ DURAN was paid (i) in check for the first forty (40) hours per week and (ii) in cash for hours worked in excess of forty (40) at the same straight-time hourly rate.

26.     Throughout his employment with Defendants, Plaintiff JOSE CRUZ DURAN was never paid the overtime premium of one-and-one-half times his regular rate of pay for his hours worked in excess of forty (40) per week, as required under the FLSA and NYLL.

27.     Throughout his employment with Defendants, the wage statements that Plaintiff JOSE CRUZ DURAN received from Defendants fraudulently understated his hours worked. Specifically, the wage statements inaccurately stated that Plaintiff worked exactly forty (40) hours each week when in fact he regularly worked forty-six (46) hours per workweek.

28.     Throughout his employment with Defendants, Plaintiff JOSE CRUZ DURAN was not compensated for all hours worked. About two (2) times per week, he had to work through his lunch break after clocked out, resulting in unpaid wages. Class members similarly have to work while eating lunch.

29.     Throughout his employment with Defendants, Plaintiff regularly observed and spoke their co-workers about Defendants' pay practices and policies. Based on Plaintiff's observations and conversations with their co-workers, all non-exempt employees at Coral Cast regularly worked similar hours that regularly exceeded forty (40) hours per workweek and were paid at similar hourly rates.

30.     Based on Plaintiff's direct observations and conversations with other employees at Coral Cast, all FLSA Collective Plaintiffs and Class Members similarly suffered from Defendants' common policies that failed to pay the overtime premium due under the FLSA and NYLL. Under Defendants' companywide policy, FLSA Collective Plaintiffs and Class Members were paid at a straight-time base hourly rate for all hours worked, including all hours worked in excess of forty (40) per workweek. They were never paid at the proper overtime rate of one-and-one-half times their base hourly rate for their hours worked in excess of forty (40) per workweek.

31.     At all relevant times, the wage statements that Defendants provided to Plaintiff and Class Members were improper because they failed to accurately reflect the employees' hours worked. Specifically, the wage statements stated that the employees worked exactly forty (40) hours each week when in fact they regularly more than forty (40) per week.

32.     At all relevant times, Defendants failed to provide Plaintiff and Class Members with any wage and hour notices as required under the NYLL.

33.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff, FLSA Collective Plaintiffs and Class Members the proper overtime wages at a rate that is at least one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

34.     Defendants knowingly and willfully operated their business with a policy of not providing proper wages statements to Plaintiff and Class Members as required under the NYLL, as the wage statements did not accurately reflect the number of hours worked by employees.

35.     Defendants knowingly and willfully operated their business with a policy of not providing proper wage and hour notice to Plaintiff and Class Members as required under the NYLL.

36.     On or about September 30, 2020, Plaintiff retained Lee Litigation Group, PLLC to represent Plaintiff, FLSA Collective Plaintiffs and the Class, in this litigation and has agreed to pay the firm a reasonable fee for its services.

**STATEMENT OF CLAIM**

**COUNT I**

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

**ON BEHALF OF PLAINTIFF AND FLSA COLLECTIVE PLAINTIFFS**

37.     Plaintiff realleges and reavers Paragraphs 1 through 36 of this Class and Collective Action Complaint as if fully set forth herein.

38.     At all relevant times, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and FLSA Collective Plaintiffs are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39.     At all relevant times, Defendants employed Plaintiff and FLSA Collective Plaintiffs within the meaning of the FLSA.

40.     At all relevant times, Corporate Defendant had gross annual revenues in excess of $500,000.

41.     At all relevant times, Defendants had a policy and practice of failing to pay overtime wages to Plaintiff and FLSA Collective Plaintiffs for hours worked in excess of forty (40) per workweek at the proper overtime rate that is at least one-and-one-half times the regular rate of pay.

42.     Records, if any, concerning the number of hours worked by Plaintiff and FLSA Collective Plaintiffs and the actual compensation paid to Plaintiff and FLSA Collective Plaintiffs should be in the possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

43.     Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and FLSA Collective Plaintiffs for all hours worked, including overtime hours, when Defendants knew or should have known such was due.

44.     Defendants failed to properly disclose or apprise Plaintiff and FLSA Collective Plaintiffs of their rights under the FLSA.

45.     As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff and FLSA Collective Plaintiffs are entitled to liquidated (i.e. double) damages pursuant to the FLSA.

46.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and FLSA Collective Plaintiffs suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

47.     Plaintiff and FLSA Collective Plaintiffs are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

**COUNT II**

**VIOLATION OF THE NEW YORK LABOR LAW**

**ON BEHALF OF PLAINTIFF AND CLASS MEMBERS**

48.     Plaintiff realleges and reavers Paragraphs 1 through 47 of this Class and Collective Action Complaint as if fully set forth herein.

49.     At all relevant times, Plaintiff and Class Members were employed by Defendants within the meaning of the New York Labor Law §§ 2 and 651.

50.     Defendants knowingly and willfully violated Plaintiff's and Class Members' rights by failing to pay overtime wages for hours worked in excess of forty (40) per workweek at

the proper overtime rate that is at least one-and-one-half times the regular rate of pay, in violation of the New York Labor Law.

51.     Defendants knowingly and willfully failed to provide proper wage statements to Plaintiff and Class Members as required under the New York Labor Law.

52.     Defendants knowingly and willfully failed to provide proper wage and hour notices to Plaintiff and Class Members as required under the New York Labor Law.

53.     Due to the Defendants' New York Labor Law violations, Plaintiff and Class Members are entitled to recover from Defendants unpaid overtime wages, damages for unreasonably delayed payments, reasonable attorneys' fees, liquidated damages, statutory penalties and costs and disbursements of the action, pursuant to New York Labor Law.

<u>**PRAYER FOR RELIEF**</u>

WHEREFORE, Plaintiff, on behalf of himself, FLSA Collective Plaintiffs and Class Members, respectfully requests that this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award of unpaid wages, including overtime compensation at the proper rate of one-and-one-half times the regular rate of pay for hours worked in excess of forty (40) per workweek, due under the FLSA and NYLL;

d.   An award of statutory penalties as a result of Defendants' failure to comply with the NYLL wage notice and wage statement requirements;

e.   An award of liquidated damages as a result of Defendants' willful failure to pay the proper overtime wages, pursuant to the FLSA and/or NYLL;

f.   An award of pre-judgment and post-judgment interest, costs and expenses of this action together with reasonable attorneys' and expert fees;

g.   Designation of Plaintiff JOSE CRUZ DURAN as Representative of the FLSA Collective Plaintiffs;

h.   Designation of this action as a class action pursuant to F.R.C.P. 23;

i.   Designation of Plaintiff JOSE CRUZ DURAN as Representative of the Class; and

j.   Such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues so triable as of right by jury.

Dated:   January 13, 2021                     Respectfully submitted,

By:   */s/ C.K. Lee*_____
C.K. Lee, Esq.

LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
Anne Seelig (AS 3976)
148 West 24th Street, 8th Floor
New York, NY 10011
Tel.: (212) 465-1188
Fax: (212) 465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*